IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 2 5 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| IBRAHIM K. OWHIB | § | |
| | § | |
| | § | |
| VS. | § | NO. 4:09-CV-653-A |
| | § | (NO. 4:08-CR-033-A) |
| | § | |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Ibrahim K.
Owhib ("Owhib"), under 28 U.S.C. § 2255 to vacate, set aside, or
correct sentence.  Having reviewed the motion, the government's
response, Owhib's reply, referred to by him as a "traverse
response," the record, and applicable legal authorities, the
court concludes that the motion should be denied.

I.

Background

On April 4, 2008, Owhib pleaded guilty to a single count of
arson in violation of 18 U.S.C. § 844(h).  On July 18, 2008, the
court sentenced Owhib to eighty-four months' incarceration with
the Bureau of Prisons, to be followed by a three-year term of
supervised release, and restitution of $263,209.46.  The sentence
imposed followed a motion for downward departure by the
government, which reduced Owhib's sentence by thirty-six months
from the statutory mandate of 120 months.  The Fifth Circuit
affirmed Owhib's sentence on July 14, 2009.  See United States v.
Owhib, 2009 WL 2029949 (5th Cir. July 14, 2009).  Owhib timely

filed the instant motion.

## II.

### Grounds of the Motion

Owhib raises the following grounds as set forth in his motion: (1) he is actually innocent; (2) unreasonable sentence; and (3) ineffective assistance of trial and appellate counsel. The motion is accompanied by a forty-seven page memorandum in which Owhib expands on these grounds. As to ground one, Owhib references argument four in the memorandum; as to ground two, he references argument five in the memorandum; and as to ground three, he references arguments two and three in the memorandum. Thus, although the motion raises only three grounds, some of the arguments referred to therein actually contain multiple parts.

## III.

### Applicable Standard

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result

2

in a complete miscarriage of justice.   United States v. Capua,

656 F.2d 1033, 1037 (5th Cir. 1981).

IV.

Analysis

A.   Owhib's First and Second Claims are Procedurally Barred

The government contends that two of Owhib's claims are

procedurally barred because he did not first raise those issues

in the sentencing court or on direct appeal: his first claim,

actual innocence, which includes a claim that the government's

witness at sentencing offered perjured testimony, and his second

claim, that his sentence is unreasonable because he is actually

innocent and the sentence is based on perjured testimony.

"A defendant . . . may not raise an issue for the first time

on collateral review without showing both 'cause' for his

procedural default and 'actual prejudice' resulting from the

error."   Shaid, 937 F.2d at 232 (internal citations omitted).

The cause-and-prejudice standard requires a movant to show both

that an objective factor external to the defense prevented him

from raising the issue on appeal and that the alleged error

"worked to his actual and substantial disadvantage, infecting his

entire trial with error of constitutional dimensions."   Frady,

456 U.S. at 170; see Coleman v. Thompson, 501 U.S. 722, 753

(1991).   A failure to show either prong forecloses collateral

relief.   Frady, 465 U.S. at 168.   Only after the movant satisfies

both the cause and prejudice prongs can a reviewing court proceed

to a determination of the merits of movant's claims.   United

<u>States v. Bondurant</u>, 689 F.2d 1246, 1250 (5th Cir. 1982).

Owhib offers nothing to show cause, as he provides no objective factors external to the defense to explain his failure to raise these claims on appeal.  Because Owhib has failed to show cause, the court need not consider whether he has demonstrated prejudice.  <u>Frady</u>, 465 U.S. at 168.

One exception to the required showing of cause and prejudice is where the movant is able to demonstrate that he is "actually innocent" of the crime for which he was convicted.  <u>United States v. Jones</u>, 172 F.3d 381, 384 (5th Cir. 1999).  To prove actual innocence, Owhib "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  <u>Id.</u>  "Actual innocence means "factual innocence, and not mere legal insufficiency."  <u>Id.</u> (citing <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998)).

The record disproves Owhib's claim of actual innocence.  At rearraignment Owhib admitted to the truth of the facts as alleged by the government, which facts included that a fraudulent insurance claim was filed following the fire which Owhib helped set.  Rearraignment Tr. at 27-28.

B.    <u>Owhib Was Not Provided Ineffective Assistance of Counsel</u>

To prevail on his ineffective assistance of counsel claim, Owhib must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

4

<u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984).   Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance.   <u>Id.</u> at 687.   "A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one."   <u>United States v. Stewart</u>, 207 F.3d 750, 751 (2000).   In the context of a guilty plea, in order to prove prejudice, Owhib "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."   <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).   Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance.   <u>Id.</u> at 689.   Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel.   <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).

Owhib is not entitled to relief based on the alleged ineffective assistance of his trial or appellate counsel because he has not shown that their performance fell below an objective standard of reasonableness, nor has he shown that there is a reasonable probability that, but for counsel's alleged failures, the result of any of the proceedings would have been different. See <u>Strickland</u>, 466 U.S. at 687.

  1.   <u>Alleged errors of trial counsel</u>

Owhib asserts that he was denied effective assistance of trial counsel because his attorney: failed to properly

investigate the law of the case as to the elements of the
offense; failed to file a motion for acquittal; failed to explain
the elements of the offense; failed to move for suppression of
the statements made by the government's witness; and failed to
properly cross-examine the government's witness during
sentencing.

As to his claim that counsel failed to properly investigate
the law of the case, Owhib fails to "allege with specificity what
the investigation would have revealed and how it would have
altered the outcome" of the proceedings.  United States v. Green,
882 F.2d 999, 1003 (5th Cir. 1989).  Further, regarding his claim
of counsel's failure to explain the elements of the offense, the
record refutes Owhib's claim.  Owhib testified at rearraignment
that he had received a copy of the indictment, that it had been
read to him in his language, and he understood exactly what he
was charged with, specifically, arson, for which the government
would have to prove he "knowingly used explosives or fire . . .
in order to commit a felony . . . ."  Rearraignment Tr. at 14-15,
17-18.  Owhib failed to make the required showing as to these
claims.

Owhib claims his counsel was ineffective for failing at
sentencing to cross-examine the government's witness, Agent
Whitaker, and for failing to move to suppress her testimony.
Owhib appears to misapprehend the purpose of Whitaker's
testimony.  The government called Whitaker to testify in support
of its motion for downward departure; in other words, the sole

6

purpose of her testimony was to persuade the court to lower
Owhib's sentence below the statutorily-required ten year
sentence.  Sentencing. Tr. at 4.  Based on Whitaker's testimony,
the court concluded Owhib had provided "substantial assistance"
to the government and so was eligible for a downward departure,
and accordingly reduced his sentence by thirty-six months.  Id.
at 12, 14.  Whitaker's testimony was favorable to Owhib and
produced a favorable result.  Owhib offers nothing to explain how
cross-examination by his attorney or moving to suppress
Whitaker's testimony would have produced a more favorable result.

To the extent Owhib contends Whitaker's testimony was the
only evidence linking him to the wire fraud, his testimony at
rearraignment shows otherwise.  At rearraignment, Owhib testified
that he had received a copy of the indictment, factual resume,
and plea agreement, that these documents had been read to him in
his own language, and that he understood what each of the
documents said before he signed them.  The plea agreement and
factual resume both confirmed that Owhib pleaded guilty to count
two of the indictment, quoted above.  Owhib's contention is
without merit.

Owhib claims counsel was ineffective for failing to file a
motion for acquittal.  Owhib fails to elaborate on this
statement, and he fails to explain why counsel should have filed
a motion for acquittal in conjunction with his guilty plea.  This
claim is frivolous.

7

2.   <u>Alleged errors of appellate counsel</u>

Owhib contends his appellate counsel was ineffective because he failed to raise the following claims on appeal: (1) that he was actually innocent of fraud; and (2) the testimony of Whitaker, upon which his conviction and sentence were sustained, was false.  Neither of these claims has merit.

To prevail on a claim of ineffective assistance of appellate counsel, Owhib must prove both that counsel's legal representation was objectively unreasonable and that, but for counsel's unreasonable failure, there is a reasonable probability he would have prevailed on his appeal.  <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000).  Owhib has failed to make the required showing.

Appellate counsel has no duty to bring frivolous claims on appeal; the opposite is true.  <u>See</u> <u>United States v. Burleson</u>, 22 F.3d 93, 95 (5th Cir. 1994).  There is no constitutional right for appellate counsel to pursue nonfrivolous points as requested by his client if counsel makes a professional judgment not to present those points.  <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983). As discussed <u>supra</u>, Owhib could not prevail on his claim of actual innocence, and his attorney was not deficient for failing to raise such a claim.  For the same reasons, his claim as to appellate counsel's failure to challenge Whitaker's testimony on appeal also fails.  Whitaker's testimony resulted in a reduction of Owhib's sentence of thirty-six months.  Owhib does not explain how he expected to prevail on appeal by challenging testimony

that resulted in an outcome favorable to him.

V.

ORDER

Therefore,

For the reasons discussed above,

The court ORDERS that the motion of Ibrahim Owhib to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as Owhib has not made a substantial showing of the denial of a constitutional right.

SIGNED February 25, 2010.

JOHN McBRYDE
United States District Judge